# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**UNITED STATES OF AMERICA,**          :
                                        :
   v.                     :     **Case No. 7:07-cr-4 (HL)**
                                        :
**TODAINS RICHARDSON,**                 :
                                        :
   Defendant.              :
_____

# ORDER

Before the Court is Defendant Todains Richardson's Motion for Reduction of Sentence Based on Government Assistance. (Doc. 148). The Government has not responded to the Motion.

In his Motion, Richardson claims that he provided assistance to the Government and that the United States Attorney filed a motion for a reduction in his sentence based on that assistance. In a subsequent letter (Doc. 150), however, Richardson makes an inquiry regarding a pending Motion for Additional Decrease for Acceptance of Responsibility Under U.S.S.G. § 3E1.1(B) (Doc. 114). The Court will address both of the documents mentioned by Richardson.

A review of the docket in this case shows that the Government has not filed any motion for a reduction in Richardson's sentence based on substantial assistance rendered by him. To the extent that Richardson himself has moved under Federal Rule of Criminal Procedure 35(b) for a reduction, the law does not permit this Court to

reduce a sentence based on a defendant's Rule 35(b) motion for reduction of sentence. Case law makes clear that the decision to file a motion for downward departure lies within the sound discretion of the Government. United States v. Alvarez, 115 F.3d 839, 841 (11th Cir. 1997). In the absence of a motion by the United States Attorney, the Court has no authority to reduce Richardson's sentence under Rule 35. United States v. Howard, 902 F.2d 894, 897 (11th Cir. 1990) (holding that "[b]oth section 5K1.1 and Rule 35(b) require a motion by the government before the court can reduce a sentence").

With regard to the Motion for Additional Decrease for Acceptance of Responsibility Under U.S.S.G. § 3E1.1(B) (Doc. 114), Richardson did in fact receive a three point downward departure at sentencing for acceptance of responsibility. (*See* Doc. 131, p. 15.)[1] Richardson acknowledges the receipt of this downward departure in his Motion.

As there is no pending motion filed by the Government for a reduction in Richardson's sentence based on substantial assistance, and as Richardson cannot request such a reduction on his own motion, Richardson's Motion for Reduction of Sentence Based on Government Assistance (Doc. 148) must be **DENIED AS MOOT.** Further, to the extent that Richardson's Motion for Reduction relates to the Motion for Additional Decrease for Acceptance of Responsibility Under U.S.S.G. § 3E1.1(B) filed

---

[1]The motion for decrease was filed after sentencing took place.

by the Government, the Motion must also be **DENIED AS MOOT** as Richardson has already been given that relief.  Finally, the Government's Motion for Additional Decrease for Acceptance of Responsibility Under U.S.S.G. § 3E1.1(B) (Doc. 114) is **DENIED AS MOOT** as the Court has already granted this motion in effect as part of the sentencing in this case.

    **SO ORDERED**, this the 1st day of July, 2009.

                        *s/  Hugh Lawson*
                        **HUGH LAWSON, SENIOR JUDGE**

mbh